1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMIE DAVID STITES,

Plaintiff,

v.

CHERYL STRANGE, et al.,

Defendant.

CASE NO. 3:24-cv-05027-MJP-BAT

**REPORT AND
RECOMMENDATION**

While he was confined at Clallam Bay Corrections Center (CBCC), Plaintiff filed a *pro se* 42 U.S.C. 1983 civil rights action against Defendants Cheryl Strange, Secretary of Washington State Department of Corrections and Joyce Lingle, Correction Specialist Opioid Response Unit Washington State Department of Corrections. Plaintiff alleged the Department of Corrections' (DOC) policy regarding the administration of buprenorphine violated his rights because he is an opioid dependent inmate that needs this drug and was denied this drug at CBCC. Plaintiff requested the Court issue a TRO or preliminary injunction requiring Defendants to provide him buprenorphine at CBCC. The Court denied this request on the grounds Plaintiff had not demonstrated an immediate threatened injury. Dkt. 13.

On March 25, 2024, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6) contending that Plaintiff's claims should be dismissed as moot and for failure to exhaust

REPORT AND RECOMMENDATION - 1

1    administrative remedies. Dkt. 4. Plaintiff filed no response to the motion to dismiss. The motion

2    was noted for April 26, 2024, and is ripe for the Court's review.

3        For the reasons below, the Court recommends **GRANTING** the motion on the grounds

4    Plaintiff's claim is moot and **DISMISSING** the case without prejudice.

5        This case was initiated on January 9, 2024, when Plaintiff filed a § 1983 complaint

6    alleging he suffers from opioid use disorder and received buprenorphine through a Medication

7    Assisted Therapy (MAT) program as an inmate at Kitsap County Jail from July 26, 2023, to

8    October 12, 2023. Dkt. 4 at 5. After Plaintiff was transferred to the DOC on October 12, 2023,

9    DOC terminated his buprenorphine prescription and replaced it with a single injection of

10   Sublocade – a long-acting injectable form of buprenorphine -- to ween Plaintiff off

11   buprenorphine. *Id.* at 5, 24, 30.

12       The complaint alleges DOC's policy, to deny buprenorphine to prisoners with sentences

13   to serve that are six months or longer, violates the Americans with Disabilities Act (ADA) and

14   the Eighth Amendment. *Id.* at 5 and 9. Plaintiff requested the Court order DOC to provide him

15   buprenorphine on the grounds he is at risk of relapse or overdose upon release if he is denied

16   buprenorphine. In support of this claim, Plaintiff avers he earlier relapsed and overdosed on

17   opioids while he received buprenorphine, but feels the drug helps him stay stable. *See* Dkt. 4 at

18   7, 14, 22 and Dkt. 7 at 3. When he filed his complaint in January 2024, Plaintiff averred his

19   earned early release date was June 23, 2024, and he might be released to a work camp in April

20   2024. Dkt. 4 at 20 and Dkt. 7 at 3-4.

21       On March 25, 2024, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

22   Dkt. 14. In support, Defendants submitted declarations from two individuals setting forth facts

23   outside of Plaintiff's pleadings. "As a general rule, a district court may not consider any material

REPORT AND RECOMMENDATION - 2

beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) (internal quotation marks and citation omitted). A motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment under Rule 56 if either party to the motion to dismiss submits materials outside the pleadings in support of, or opposition to, the motion, and if the court relies on those materials. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996). However, the Court has discretion either to consider or reject such evidence. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1143–1146 (9th Cir.2003) (where a district court does not rely on the materials submitted outside the pleadings, a motion to dismiss need not be converted into a motion for summary judgment). If a court converts a motion to dismiss into a motion for summary judgment, the court must give the parties notice and a reasonable opportunity to supplement the record. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1408 (9th Cir.1995).

Here, the evidence submitted by Defendants are not part of the pleadings submitted by Plaintiff and are not subject to judicial notice and thus cannot be considered without converting Defendants' motion to dismiss into a motion for summary judgment. Thus, to consider Defendants' motion based upon the evidence set forth in the supporting declarations, the Court must view it as a motion for summary judgment.

The Court normally gives notice that it is treating a motion to dismiss as a motion for summary judgment. This would allow Plaintiff to file additional evidence to oppose the motion for summary judgment. Here the Court recommends addressing Defendants' motion now rather than delaying the case to take additional evidence. First, Plaintiff is entitled to object to this report and recommendation, and if he objects and supports the objection with supplemental evidence, the assigned District Judge can refer the matter back to the undersigned for further

consideration. Second and more importantly, Plaintiff's complaint alleges that only DOC prisoners who have sentences to serve that are six months or longer are denied buprenorphine by DOC. The complaint alleges Plaintiff's earned early release date is June 2024 and thus, at this point, he no longer is subject to the DOC policy that resulted in the denial of the medication. Thus, if the Court disregarded the declarations submitted by Defendants and treated the motion as a 12(b) dismissal motion, Plaintiff's pleadings show his requested relief is moot.

Turning to the Defendants' motion, Defendants first contend the Court must dismiss the complaint as moot because the Court cannot grant Plaintiff "effective relief" and therefore lacks jurisdiction over the matter. *Id* at 3. In support, Defendants argue the only relief Plaintiff requested "is injunctive relief requiring Defendants place him back on the MAT program" and Defendants have granted Plaintiff that relief by placing him into "the MAT program on February 21, 2024 and [transferring him] to the Graduated Reentry Program/American Behavioral Health Systems on February 28, 2024. *Id.* at 4. Defendants thus contend that because Plaintiff is in the MAT program, and is receiving the requested buprenorphine, "the Court is unable to provide any effective relief in this matter and his claims must be dismissed." *Id.*

Although Defendants aver that Plaintiff is now receiving the requested buprenorphine, Defendants' voluntarily cessation of the challenged conduct does not automatically render the case moot if Defendants would be free to resume the complained of conduct. *See e.g., Board of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019). In this case, however, the complaint alleges that when Plaintiff arrived at DOC in 2023, he was denied buprenorphine because he was "fifty-four days over DOC's blanket policy" denying buprenorphine to prisoners with sentences to serve that are six months or longer. *See* Dkt. 4 at 10 (referring to exhibits 1 and 2). Plaintiff is now in the MAT program, receives the buprenorphine

he requested in his complaint, and faces no possibility of being denied buprenorphine because his earned early release date is June 23, 2024. Plaintiff thus is no longer fifty-four days over the DOC policy denying prisoners buprenorphine and instead now falls within the timeframe in which DOC prisoners would receive that drug.

Because the Court cannot provide Plaintiff the relief he requests, and Defendants would not be free to resume the complained of conduct, Plaintiff's request that Defendants provide him with buprenorphine is moot and the Court recommends granting Defendants' motion to dismiss.

The Defendants submitted a proposed order leaving open whether the case should be dismissed with or without prejudice. *See* Dkt. 14 (proposed order). As **a** dismissal for mootness is typically considered as a dismissal for lack of jurisdiction the Court recommends this matter be dismissed without prejudice.

Defendants also contend the Court should dismiss the case arguing Plaintiff failed to exhaust his administrative remedies before filing the present complaint. Dkt. 14 at 4-7. In support, Defendants contend Plaintiff indicated in his complaint that he grieved the denial of buprenorphine, though he did not submit the entire grievance packet regarding his claim. Defendants argue that Plaintiff's reference to grievances he filed allows this Court to consider "the entire grievance packet" which Defendant has attached to their motion to dismiss.

The submission transforms the motion to dismiss to a motion for summary judgement because it contains facts not included in Plaintiff's pleadings. The entire grievance packet Defendant submitted shows Plaintiff filed a Level III appeal, the final level of DOC grievance review, on February 8, 2024 which is before the time Plaintiff filed the complaint in this case, January 22, 2024. *Id.* at 7. Defendants argue since Plaintiff's Level III appeal was not finalized

before filing the complaint was filed, Plaintiff failed to meet the PLRA exhaustion requirement, and the case should be dismissed with prejudice. *Id.*

The Prison Litigation Reform Act (PLRA) exhaustion provision states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Defendants' argument employs a literal reading of the statute, i.e., a prisoner must exhaust their remedies **before** filing suit, or the suit will be barred. But Defendants present no authority that supports their position that under the circumstances of Plaintiff's case, dismissal is required. Defendants attached Plaintiff's Level III appeal which Plaintiff submitted on February 8, 2024. Dkt. 16, exhibit 1. That appeal was reviewed and resolved on March 21, 2024 with a concluding statement that "Based upon a review of your medical records, you were placed back into the Medically-Assisted Treatment (MAT) program on February 21, 2024, at Clallam Bay Corrections Center (CBCC), prior to your release to Graduated Reentry (GRE). Additionally, please be aware Department is actively changing its current protocols to offer treatment to a broader range of individuals." *Id.*

Based upon Defendants own records, it thus appears Plaintiff exhausted his remedies before Defendants filed their motion to dismiss on March 25, 2024, and there are no further administrative remedies that Plaintiff can pursue. This cuts against dismissing Plaintiff's complaint for lack of exhaustion and the Court accordingly recommends rejecting Defendants' request to dismiss based upon lack of exhaustion.

REPORT AND RECOMMENDATION - 6

**CONCLUSION**

For the reasons above, the Court recommends the complaint be dismissed. Defendants have placed Plaintiff into the MAT program and he has been and is receiving the medication underlying his complaint. The Court thus cannot provide Plaintiff with the relief he requests, and the case should be dismissed as moot. There is no possibility Defendants will revert to denying Plaintiff buprenorphine because Plaintiff is now two months from pre-release. Plaintiff would thus receive buprenorphine within the time frame of the DOC policy that excluded prisoners from receiving the drug where their remaining sentence exceeded six months. This would be the case whether the court treated Defendants' motion as a dismissal motion or a motion for summary judgment. A dismissal for mootness is a dismissal for lack of jurisdiction and should normally be made without prejudice; the Court thus recommends applying this rule.

The Court recommends rejecting Defendants' argument that the case be dismissed for failure to exhaust administrative remedies. A brittle application of the PLRA's statutory language that remedies be exhausted before a suit is filed does not account for the fact that Plaintiff initiated his grievances before filing suit and exhausted his remedies before the dismissal motion was filed. The purpose of the exhaustion requirement is not served under the circumstances of this case.

Defendant also proposes the dismissal of this case be counted as a "strike" under 28 U.S.C. § 1915. Dkt. 14 (proposed order). Plaintiff's complaint cannot be deemed as frivolous, malicious, or having no basis in law or fact. Indeed, Plaintiff ultimately obtained from Defendant the relief he requested (placement into MAT in February 2024, and the administration of buprenorphine), and as the response to Plaintiff's Level III grievance appeal states, the DOC "is actively changing its current protocols to offer treatment to a broader range of individuals." The

Level III appeal response indicates Plaintiff's grievances have altered DOC's policy regarding the administration of buprenorphine, in favor of Plaintiff's position. The Court accordingly recommends rejecting Defendants request this dismissal count as a "strike."

The Court also notes Defendants' motion to dismiss was not likely received by Plaintiff. Defendants sent the motion and supporting declarations to Clallam Bay Corrections Center on March 25, 2024. That same day the prison submitted a notice that it could not provide these pleadings to Plaintiff because on February 28, 2024, Plaintiff was released from the prison for placement into the Graduated Re-Entry Program. Dkt. 18.

It is unclear where Plaintiff currently resides. That he likely has not received notice of Defendants' motion to dismiss is a circumstance that both parties have contributed to. On the one hand, Defendants knew Plaintiff had been transferred from Clallam Bay Corrections to the Graduated Re-Entry Program in February 2024 because the declaration they submitted in support of dismissal says so. *See* Dkt. 15. On the other hand, Plaintiff is obligated to update the Court and opposing counsel of changes in his address. As Local Rule 41(b)(2) states:

> [i]f mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Here, Plaintiff left Clallam Bay Corrections 60 days ago and has not updated the Court or counsel with his new address.

The Court recommends this matter be addressed now, rather than delaying resolution in the hopes of tracking down Plaintiff. At this point, Plaintiff is no longer at Clallam Bay Corrections, and is in the Graduated Re-entry Program which under RCW 9.94A.733 appears to involve some form of home detention with monitoring and condition. Even if Plaintiff violated the terms of his reentry program and was returned to Clallam Bay Corrections, his remaining

sentence falls within the time frame in which he claims in his complaint would entitle him to receiving buprenorphine.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters an order in the case.

Objections, however, may be filed and served upon all parties no later than **May 15 2024.** The Clerk should note the matter for **May 17, 2024**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 30th day of April, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9